```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
RICHARD STONE,                     :
                                   :
                  Plaintiff,       :
                                   : 04 Civ. 7337 (BSJ)(THK)
         -against-                 :
                                   : MEMORANDUM OPINION AND
                                   :          ORDER
POLICE OFFICER KICKI, et al.,      :
                                   :        (PRO SE)
                  Defendants.      :
-----------------------------------X
```

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Richard Stone, proceeding pro se, brings this action against a New York City police officer, claiming that he was racially profiled when he was given summonses for failing to observe traffic lights when he was riding his bicycle, while the officer failed to issue a summons to a white Hispanic bicyclist who purportedly committed a more serious violation. The action was referred to this Court for general pretrial supervision, by the Hon. Barbara S. Jones, U.S.D.J., pursuant to 28 U.S.C. § 636(b)(1)(A). Presently before the Court is Plaintiff's motion seeking the Court's recusal from the action because of purported bias. For the reasons that follow, the motion is denied.

BACKGROUND

The parties attended an initial pretrial conference on June 7, 2005. At the conference, the Court asked if the parties had considered settling the action and if the Court could be of assistance. Both parties were receptive to the invitation and settlement discussions commenced. As the Court routinely does at

settlement conferences, it asked the parties to set forth their positions on the merits of the case and their settlement positions. As is also standard practice, the Court provided the parties with its preliminary views of the strengths and weaknesses of their positions. Defendant's counsel then made a settlement offer, which Plaintiff immediately accepted. The conference ended with the Court instructing the parties to finalize their agreement and file a Stipulation of Discontinuance. During the several days which followed, Plaintiff wrote to Defendant's counsel and the Court, indicating that he was withdrawing from the agreement, and claiming that he was coerced when he indicated he would settle the action, and that the Court had exhibited bias at the hearing. (See Letters from Richard E. Stone, dated June 7, 9, and 16, 2005.) Plaintiff's recusal motion followed. In his motion, Plaintiff contends that the Court (1) made statements about Plaintiff's claims without the benefit of any evidence, (2) asked the Assistant Corporation Counsel representing Defendant about whether a transcript of Plaintiff's hearing at the Department of Motor Vehicles exists, even though she was not present at the hearing, (3) threatened to dismiss the action, and (4) argued Defendant's case instead of allowing an "adversarial exchange" between the parties. (See Motion for Disqualification of Magistrate-Judge, dated July 7, 2005 ("Pl.'s Mot.".) Plaintiff also alludes to his interaction with the Court in another action where, at a settlement proceeding held in 2001,

Plaintiff contends the Court aborted depositions of the Defendant police officer. (See Pl.'s Mot. ¶¶ 3-5.) Defendant has opposed the motion. (See Letter from Julinda A. Dawkins, Esq., dated July 26, 2005.)[1]

## DISCUSSION

28 U.S.C. § 455 provides, in pertinent part, that:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
    (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

A judge does not exhibit impermissible bias simply because he holds or forms an opinion about the merits of a case or a party in litigation, as a result of what the judge learned in the proceeding. See Lewis V. Tuscan Dairy, 25 F.3d 1138, 1141 (2d Cir. 1994). "'Partiality' does not refer to all favoritism, but only to such as is, for some reason, wrongful or inappropriate. Impartiality is not gullibility." Liteky v. United States, 510 U.S. 540, 552, 114 S. Ct. 1147, 1156 (1994).

[O]pinions formed by the judge on the basis of facts

---

[1] After Plaintiff withdrew from the settlement agreement, Defendant's counsel indicated that Defendant intended to move to dismiss the action, and the Court set a briefing schedule for the motion. Although Defendant requested that all pretrial discovery be stayed during the pendency of the motion, the Court determined that only deposition discovery would be stayed, but documentary discovery was to proceed. (See Memorandum Endorsed Order, dated June 22, 2005.)

introduced or events occurring in the course of the
current proceedings, or of prior proceedings, do not
constitute a basis for a bias or partiality motion unless
they display a deep-seated favoritism or antagonism that
would make fair judgment impossible.  Thus, judicial
remarks during the course of a trial that are critical or
disapproving of, or even hostile to, counsel, the
parties, or their cases, ordinarily do not support a bias
or partiality challenge.  They <u>may</u> do so if they reveal
an opinion that derives from an extrajudicial source; and
they <u>will</u> do so if they reveal such a high degree of
favoritism or antagonism as to make fair judgment
impossible.

<u>Id.</u> at 555, 114 S. Ct. at 1157; <u>accord</u> <u>United States v. Conte</u>, 99
F.3d 60, 65 (2d Cir. 1996).

The Court is confident that it has no personal or otherwise
improper bias or prejudice against Plaintiff or his claims, and that
Plaintiff misunderstood the Court's comments at the settlement
conference.  In providing Plaintiff the Court's necessarily
preliminary views about the strengths and weaknesses of his claims
and the difficulties he might confront in proving them, the Court
intended to assist Plaintiff in his assessing the benefit to be
gained from settling the action and the potential downside of not
settling the action.  The Court engages in a similar exchange in
virtually every settlement conference it participates in, and
attempts to do so in an evenhanded manner.  As a general matter,
parties value such input, since it provides an objective perspective
which, by definition, the parties themselves do not have.  They are
free to disagree with the Court and, as is made clear, the decision
to settle the action rests with the parties alone and cannot be

4

imposed on them. Plaintiff was advised that he too had the right to either settle or not settle the action, and the decision was his alone. Plaintiff was asked what he would propose in order to resolve the action, and Defendant's counsel essentially agreed to his proposal. Plaintiff immediately chose to accept Defendant's offer, and the Court did not coerce the decision in any way.[2] Indeed, in the course of the conference, Plaintiff stated that he appreciated the good offices of the Court in assisting with resolving the action.

The Court never threatened to dismiss the action if it was not settled, and, in fact, it could not do so. The case was referred to this Court solely for the purpose of supervising pretrial activity, and the merits of the claims can only be decided by the District Judge in ruling on a dispositive motion, or, after a trial, by a jury. Indeed, one of the reasons why the Court is able to frankly discuss the strengths and weaknesses of the claims with the parties, and their respective settlement positions, is that the Court will not be ruling on the merits of the claims.

In sum, the single conference with the Court which Plaintiff attended was uncontentious and amicable, and, at the time, appeared to have resolved the action in a manner that was satisfactory to

---

[2] Further evidence that Plaintiff was not coerced into the settlement is the fact that he was permitted to withdraw from the agreement he reached with Defendant, which was made on the record, without any attempt to treat the on-the-record settlement as an enforceable agreement.

both parties. Whatever opinions the Court expressed at the conference were not a function of favoritism to Defendant, or antagonism to Plaintiff, but were simply made in order to be helpful, and were based upon the facts as conveyed to the Court by the parties. See MacDraw, Inc. v. CIT Group Equip. Fin., Inc., 138 F.3d 33, 38 (2d Cir. 1998)(a court's expression of negative concerns about the merits of a party's position "[is] common and often important to a trial court's administration of a case. Although they may occasionally wound counsel's pride, they can be informative and helpful to counsel who are not hypersensitive.").

For all of the above reasons, Plaintiff's Motion for Disqualification is denied.

SO ORDERED.

_____
THEODORE H. KATZ
UNITED STATES MAGISTRATE JUDGE

Dated: August 5, 2005
       New York, New York


Copies mailed to:


Richard E. Stone
535 West 23rd Street -#4LS
New York, New York 10011-1120


Julinda A. Dawkins, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007